**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**THEODUS LINDSEY,**                                                                                                **PETITIONER**

**V.**                        **NO. 4:06CV72-P-D**

**MISSISSIPPI STATE PAROLE BOARD, et al.,**              **RESPONDENTS**

## OPINION

This cause comes before the court on the petition of Theodus Lindsey for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By order of the court on August 1, 2006, this matter was dismissed and closed for failure to prosecute. Petitioner has now submitted the forms required but not previously provided. Therefore, the court will consider the Amended Petition and recently provided forms as a motion to reopen the case. Petitioner states that he is not being credited with 1163 days which he completed while on supervised parole, resulting in him having to serve excessive time.

After carefully considering the contents of the *pro se* petition and giving it the liberal construction required by *Haines v. Kerner*, 404 U.S. 519 (1972), this court has come to the following conclusion.

It is well-settled that a state prisoner seeking habeas corpus relief in federal court is first required to exhaust available state remedies. 28 U.S.C. § 2254(b) and (c)[1]; *see also Rose v. Lundy*,

---

[1] 28 U.S.C. §2254 (b)(1) and (c) provide:

    (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that-
    (A) the applicant has exhausted the remedies available in the courts of the State; or
    (B)(i) there is an absence of available State corrective process; or
      (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

    (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

455 U.S. 509 (1982). More specifically, a petitioner must present his claims to the state courts in such a fashion as to afford those courts a fair opportunity to rule on the merits. *Picard v. Conner*, 404 U.S. 270 (1971); *Dispensa v. Lynaugh*, 847 F.2d 211, 217 (5th Cir. 1988). A habeas corpus petitioner must provide the state's highest court with a fair opportunity to pass upon the issues raised in the petition for federal habeas corpus relief. *Dupuy v. Butler*, 837 F.2d 699, 702 (5th Cir. 1988) (*citing Carter v. Estelle*, 677 F.2d 427, 443-44 (5th Cir. 1982)).

It appears as though Petitioner has submitted a petition for post conviction relief only in the Circuit Court of Sunflower County, Mississippi which was denied. Petitioner has an available state remedy under the Mississippi Uniform Post Conviction Collateral Relief Act, §§ 99-39-1, *et seq.*, Miss. Code Ann. Once denied relief, he has the right to appeal to the Mississippi Supreme Court. § 99-39-25(1) Miss. Code Ann. Therefore, Petitioner has failed to exhaust his state remedies and reopening this case would be futile.

After exhausting his available state remedies, Petitioner will then be entitled to proceed in the federal district court.[2] Until such time, the Motion to Reopen is DENIED, the Motion to Proceed *in forma pauperis* is DENIED, and the petition shall be DISMISSED.

A final judgment in accordance with this opinion will be entered.

THIS the 14th day of September, 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Petitioner has tried once before to bring this issue before the court in the form of a 42 U.S.C. §1983 claim. *See*, civil action 4:06CV22-P-D. The court dismissed the complaint and also attempted to educate the *pro se* Petitioner on the procedure for exhausting his state remedies before seeking federal relief. *See id.*, Opinion Dismissing Case, February 24, 2006.